UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET PELTS,<br><br>   Plaintiff,<br><br>v.<br><br><br>SENSIO, INC. d/b/a BELLA,<br><br>   Defendant. | Case No.:  1:22cv161 HSO-RHWR |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff **MARGARET PELTS,** by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **THE GILLIAM FIRM, PLLC** and **GATEWOOD LAW, PLLC** hereby submits the following Complaint and Demand for Jury Trial:

**NATURE OF THE CASE**

1. Defendant Sensio, Inc. d/b/a Bella ("Defendant Bella") designs, manufactures, markets, imports, distributes, and sells a wide range of consumer kitchen products, including the subject "Bella 8qt 10 in 1 Multicooker," which specifically includes the Model Number M-80B23G (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant Bella boasts that its pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[1] Despite Defendant's claims of "safety,"[2] it designed,

---

[1] *See* https://bellahousewares.com/products-bella/6qt-pressure-cooker-touch-pad/ (last accessed November 29, 2021).
[2] *See* Bella 8qt 10 in 1 Multicooker Model Number M-68B23G Owner's Manual, pg.4, attached hereto as Exhibit A an incorporated by reference.

manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. Plaintiff was able to remove the lid while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed their knowledge of these defects in its pressure cookers from Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

6. As a direct and proximate result of Defendant's conduct, Plaintiff incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF MARGARET PELTS**

7. Plaintiff is a resident and citizen of the City of Pascagoula, County of Jackson, State of Mississippi Therefore, Plaintiff is a resident and citizen of the State of Mississippi for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. On or about June 1, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety locking lid," which purports that "the lid will not come off when it is in the LOCK position."[3] In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

9. As a result of the incident, Plaintiff injured medical expenses in excess of $2,600.00, as painful bodily injuries, physical pain, mental anguish, and permanent, life-long scarring to her breasts, neck and arms.

## DEFENDANT SENSIO, INC.

10. Defendant designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

11. Defendant Bella is a Canadian Corporation, with a principal place of business located at 610 East River Road, STE 260, New Glasgow, Nova Scotia B2H 3S2. Therefore, Defendant is a resident and citizen of the Country of Canada for purposes of diversity pursuant to 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

---

[3] *Id*.

12.   This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.   Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Mississippi and intentionally availed itself of the markets within Mississippi through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15.   Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16.   Defendant Bella boasts that its pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[4]

17.   According to the Owner's Manual accompanying each individual unit sold, the pressure cookers' "safety locking lid" purportedly keeps the lid of the pressure cooker from opening once pressurize. Specifically:

   a.   For your safety the lid will not come off when it is in the LOCK position.[5]

18.   By reason of the forgoing acts or omissions, Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

---

[4] *See* https://bellahousewares.com/products-bella/6qt-pressure-cooker-touch-pad/ (last accessed November 29, 2021).
[5] *See* Bella 8qt 10 in 1 Multicooker Model Number M-80B23G Owner's Manual, pg.4

19. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

20. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

21. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

23. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

25. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove

a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon the simple removal of the lid of the pressure cooker.

26. Consequently, Plaintiff seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT I

### STRICT PRODUCTS LIABILITY – MANUFACTUERING, FAILURE TO WARN AND/OR DESIGN DEFECT

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

28. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29. Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant.

30. Plaintiff and her family did not misuse or materially alter the pressure cooker.

31. The pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

32. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

    a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

    e. Defendant failed to adequately test the pressure cookers; and

    f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

33. Defendant knew or should have known that the lid could explosively separating from the pot while under pressure during the normal, foreseeable and directed use of the pressure cooker.

34. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

## COUNT II

### NEGLIGENCE – MANUFACTUERING, FAILURE TO WARN AND/OR DESIGN DEFECT

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

36. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

37. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

38. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

39. Defendant knew or should have known that the lid could explosively separating from the pot during the normal, foreseeable and directed use of the pressure cooker.

40. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

## COUNT III

## BREACH OF IMPLIED WARRANTIES

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

42. At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

43. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

44. Defendant's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

45.     The Plaintiff in this case and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

46.     Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

## **INJURIES & DAMAGES**

47.     As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

48.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur lost wages as a result of the incident. Plaintiff is entitled to recover past and future lost wages from Defendant in an amount which shall be proven at trial.

49.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident on or about December 6, 2017. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

50.     As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns

she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorney's fees to the extent permissible under Mississippi law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Dated: June 29, 2022

Vicki L. Gilliam, MSB No. 9493
**THE GILLIAM FIRM, PLLC**
106 Town Square
Brandon, MS 39042
Tel: (601)488-4044
gilliam@gilliamfirm.com

Brandi Denton Gatewood (MS No. 103990)
**GATEWOOD LAW, PLLC**

247 West Main Street
Forest, MS 39074
Tel: (601)564-7051
Fax: (800)616-5246
brandi@gandglawyers.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***

11